**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIERRE RUSHING, | No.    20-16067 |
| Petitioner-Appellant, | D.C. No. 5:18-cv-02351-BLF |
| v. | |
| MATTHEW ATCHLEY, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted January 26, 2023
San Francisco, California

Before:  GOULD, RAWLINSON, and BRESS, Circuit Judges.

Pierre Rushing (Rushing) appeals the district court's denial of his petition

for a writ of habeas corpus asserting that admission of evidence of an uncharged

shooting rendered his trial fundamentally unfair in violation of his due process

rights, and that jury instructions on an uncharged shooting lowered the

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

prosecution's burden of proof in violation of *Sullivan v. Louisiana*, 508 U.S. 275 (1993).[1]

"We review the denial of a Section 2254 habeas corpus petition de novo and any underlying factual allegations for clear error. . . ." *Patsalis v. Shinn*, 47 F.4th 1092, 1097 (9th Cir. 2022) (citation omitted).

Relief on a § 2254 habeas claim is not warranted unless

> [The state court's] adjudication of the claim (1) resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**1.** Rushing cannot "argue for error under section 2254(d)(1) because there is no clearly established [U.S. Supreme Court] law that addresses whether the admission of a defendant's . . . prior bad acts would violate due process." *Kipp v. Davis*, 971 F.3d 939, 951 n.8 (9th Cir. 2020). And, even if we consider Rushing's

---

[1] Rushing also raises five uncertified issues, which we decline to address because Rushing failed to "demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted); *see also* 9th Cir. Rule 22-1(e).

argument under § 2254(d)(2), the California Court of Appeal's harmless error conclusion was not an unreasonable determination of the facts because it was based on a reasonable review of the facts in the record. The court acknowledged that Robert Green (Green) was the only eyewitness, was on felony probation, actively used drugs, and initially described Rushing inaccurately. However, the court considered this evidence in light of the evidence corroborating Green's testimony, including his prompt identification of Rushing in the first photo lineup that included Rushing's picture, and the "testimony of Carla Smith and a video surveillance tape confirm[ing] Green's version of the shooting." The court also discussed Rushing's credibility issues suggesting consciousness of guilt, including two false alibis given to police before testifying to a third alibi at trial. Unlike the cases relied on by Rushing, the California Court of Appeal did not misstate any evidence or omit contradictory evidence. *See Kipp*, 971 F.3d 952-53; *see also Zapata v. Vasquez*, 788 F.3d 1106, 1117 (9th Cir. 2015).

**2.** The California Court of Appeal did not act contrary to clearly established federal law, as determined by the U.S. Supreme Court, in concluding that the jury instructions did not lower the State's burden of proof. Considered as a whole, the jury instructions conveyed that Rushing could only be convicted upon proof beyond a reasonable doubt. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1991) ("It is

3

well established that [a jury] instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. . . .") (citation and internal quotation marks omitted). The instructions included an admonition to "not consider [the evidence of the uncharged shooting] for any other purpose except for the limited purpose of determining the defendant's credibility." Finally, the trial court instructed the jury that the uncharged shooting evidence

> is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of murder or that the allegations that the defendant personally used a firearm or personally and intentionally inflicted great bodily injury or death on Dawonye Taylor have been proved. *The People must still prove the charge and allegations beyond a reasonable doubt*.

(Emphasis added).

**AFFIRMED.**